## BOELTE v. WEST.*
### No. 17058.

Court of Appeal of Louisiana. Orleans.
Jan. 10, 1939.

Lenfant & Villere, of New Orleans (Howard W. Lenfant, of New Orleans, of counsel), for appellant.

Weiss & Weiss and John J. Davis, all of New Orleans, for appellee.

JANVIER, Judge.

This is a suit on a promissory note. Frederick W. Boelte alleges that he is the holder and owner of the said note, dated August 28, 1933, for $150, made by Milton George West, payable in monthly instalments of $6 each on the 15th day of each month commencing on October 15, 1933; that $32 has been paid on account and that there is an unpaid balance due of $118.

Defendant maintains that the suit is not in reality on the note, but is for the balance due on a contract, the note evidencing merely the amount to be paid under contract, and that, since his breach of the contract, if there has been a breach, was merely passive—resulting from his failure to make payment—there can be no suit against him until he has first been placed in default.

*Rehearing denied Feb. 6, 1939.

472

In the court below there was judgment for plaintiff. Defendant has appealed.

The record shows that the La Salle Extension University entered into a contract with West under which it agreed to furnish him certain instruction · by mail and in regular instalments and that it would correct and grade his examination papers and, upon graduation, would assist him in obtaining employment. In the contract he agreed to make regular payments on the cost of tuition and, coincident with the execution of the contract, he executed the note now sued on.

It is admitted that Boelte, the nominal plaintiff, is not in reality the owner of the note, but is named as assignee of the note merely for the purpose of bringing this suit, and that, therefore, any equities which may have existed between defendant, West, and the original holder of the note—La Salle Extension University—should still be available to the said West.

It is true that where there is a passive breach of a contract there is, as a general rule, a necessity that the obligor be put in default. R.C.C. arts. 1931–1933; Temple v. Lindsay, 182 La. 22, 161 .So. 8. But this principle has no application in a suit on a promissory note and this suit is brought on the note and not on the contract.

It is likewise true that where, under a contract, something is due by one party to the other, that thing must be tendered before suit for the contract price will lie. But that principle has no place in this discussion, for, here again, it is not the contract which is sued on. The consideration for the signing of the note was the execution of the contract and the assumption by the La Salle Extension University of liability thereunder. If it has breached that contract by failing to tender the courses, or by failing to give proper consideration to the examination answers, or by failing .to assist West in securing employment, then a suit for damage resulting from the breach thereof my lie. But failure in that regard may not be set up as a defense to a suit on the note. Likewise, if the University has failed to tender to defendant the regular weekly instruction instalments, that is a matter which cannot be set up in defense of this suit. It was for the purpose of avoiding just such defenses that a note was required.

Our attention is directed by defendant to what we said and to the conclusion reached by us in La Salle Extension University v. Thibodeaux, 155 So. 53. There this university brought suit on a somewhat similar contract and one of the defenses was that the suit should have been brought on the note instead of on the contract. We held that the suit on the contract might be maintained and said [page 55]:

"The defense which we have numbered one is that, since, at the time the contract was executed, defendant also executed a note for the unpaid balance of the tuition fee, the suit should have been brought on the note and not on the contract. In the contract defendant agreed to accept the lectures and instructions and to pay for them, and, in connection with the contract, he executed a note to evidence the amount of the indebtedness. It was the contract itself which was breached and the note, which is in evidence, was merely the evidence to prove the amount of the indebtedness."

But we did not mean that in such situation the suit must be brought on the contract, but that the holder of such a note, who is a party to the contract, may, at his option, sue on the contract, if it is breached, or he may sue on the note if it is not paid. If he sues on the contract, then the defense of failure to put in default, or the defense that there has been no tender, may be availed of. But if he chooses to sue on the note, those defenses may not be set up against him.

In 10 Corpus Juris Secundum, Bills and Notes, § 526, p. 1155, is found the following:

"Where a negotiable instrument, such as a note or check, was given in evidence of, or security for a debt, and not as absolute payment· thereof, the payee may, on nonpayment at maturity, sue on the original consideration, provided he produces and surrenders, or offers to surrender, the instrument, or presents an adequate excuse for its non-production, infra sec. 528. In such case, where the instrument is valid, the payee has the option of suing on the instrument or on the debt, loan, account, or other original consideration.

We find a discrepancy of $10 between the amount which plaintiff admits has been paid and the amount defendant claims he has paid. This seems to be due to the fact that there was a $10 payment made

when the contract was executed and that the note for $150 was given in addition to this amount. Therefore, it appears that the amount actually paid on account of the note is $32, leaving an amount due of $118.

The note in question does not provide for the payment of interest, but in plaintiff's petition there is a prayer for legal interest on each instalment from its maturity. He is entitled to this. See Friede v. Myles Salt Company, Ltd., La. App., 177 So. 105; C.P. art. 554; R.C.C. art. 1938.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of defendant.

Affirmed.